STATE OF NORTH CAROLINA
v.
SOPHIA ANTONETTE HATTEN.
No. COA08-874
Court of Appeals of North Carolina
Filed April 7, 2009
This case not for publication
Attorney General Roy A. Cooper, III, by Assistant Attorney General Terence D. Friedman, for the State.
Don Willey for defendant-appellant.
HUNTER, ROBERT C., Judge.
Sophia Antonette Hatten ("defendant") appeals from judgment entered upon convictions by a jury for obtaining property by false pretenses and uttering a forged instrument. Defendant raises one issue on appeal: That the trial court erred in denying her motion to dismiss the false pretenses charge for insufficient evidence. We find no error.
The State's evidence tends to show that on 20 July 2006, Janice Birt was a bank teller at First Charter Bank in Kings Mountain when defendant came to her at the bank to cash a check in the amount of $3,000.00. Defendant handed the check to Ms. Birt, who turned it over and noticed it had not been endorsed. She asked defendant to sign it. Defendant started to sign the check Ruby Springs, but stopped after "S-p" and said, "'Oh, I'm signing the wrong name.'" Defendant drew a line through the name she had written. At that point, something "triggered" in Ms. Birt's mind, although she had not asked for defendant's identification yet. Ms. Birt asked to see the check, and when she entered the account number in the computer, she discovered that the account had been closed. Ms. Birt called Ms. Springs on the phone to investigate. After speaking to Ms. Springs, Ms. Birt told defendant that the check was too large an amount for her to cash, and that she would have to get her manager's signature. Ms. Birt went to her manager's office and told him to call the police. The police arrived shortly thereafter and arrested defendant.
Ruby Springs also testified. She stated that she was the owner of the closed checking account. She had closed the account after her checkbook was stolen from her car. She stated that the signature on the front of the check and the partial endorsement were not hers.
Defendant testified and denied that she had any knowledge of the check being a bad check or that she had written anything on the check. Defendant moved to dismiss both charges at the close of the State's evidence and again at the close of all the evidence. The trial court denied the motions.
The jury returned verdicts of guilty of obtaining property by false pretenses, and uttering a forged instrument. The trial court entered judgment consolidating the two offenses and sentenced defendant to one active term of eight to ten months imprisonment. From the judgment entered, defendant appeals.
Defendant contends the trial court erred by failing to grant her motion to dismiss the charge of obtaining property by false pretenses, in that the State failed to prove the element that the victim was actually deceived. She argues that since Ms. Birt was alerted to the fact that something might be wrong, and that when she checked the account number she discovered that the account had been closed, at no time was she actually deceived. Therefore, according to defendant, the trial court should have dismissed the charge for insufficient evidence. We do not agree.
This Court has held that the elements of the crime set forth in N.C. Gen. Stat. § 14-100 are: "'(1) a false representation of a subsisting fact or a future fulfillment or event, (2) which is calculated and intended to deceive, (3) which does in fact deceive, and (4) by which one person obtains or attempts to obtain value from another.'" State v. Walston, 140 N.C. App. 327, 332, 536 S.E.2d 630, 633 (2000) (quoting State v. Cronin, 299 N.C. 229, 242, 262 S.E.2d 277, 286 (1980)). It is well established that proof of actual deception is not required to prove a charge of attempted obtaining property by false pretenses. State v. Wilburn, 57 N.C. App. 40, 46, 290 S.E.2d 782, 786 (1982).
Here, defendant was charged with attempting to obtain money by presenting a check to be cashed which was not her own. Since the State was not required to prove actual deception, defendant's argument has no merit. The evidence presented at trial is sufficient to sustain defendant's conviction for obtaining property by false pretenses, and defendant's assignments of error are therefore overruled.
No error.
Judges McGEE and JACKSON concur.
Report per Rule 30(e).